# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAY LABROSSE, ET AL. | * | CIVIL ACTION |
| | * | |
| | * | NO. 07-7847 |
| | * | |
| TRAVELERS CASUALTY AND SURETY | * | SECTION "L"(1) |
| COMPANY, ET AL. | * | |

## ORDER & REASONS

Before the Court is the Plaintiffs Ray Labrosse and Lanette Labosse's Motion to Set Aside Judgment (Rec. Doc. No. 20). For the following reasons, the motion is DENIED.

### I.   BACKGROUND

This case arises out of property damage as a result of Hurricane Katrina. The Plaintiffs allege that Hurricane Katrina caused extensive damage through wind or wind and water to the Plaintiffs' single story family residence located at 2928 Blomquist Drive, in Meraux, Louisiana. The Plaintiffs originally filed suit against Standard Fire Insurance Company ("Standard Fire") in state court alleging that they held a homeowner's insurance contract with Standard Fire providing Dwelling, Other Structures, Personal Property, and Loss of Use insurance coverage. The Plaintiffs allege that their property cannot safely be rebuilt without first tearing down the remaining structure. The Plaintiffs seek penalties and damages from Standard Fire pursuant to La. Rev. Stat. 22:695, Louisiana's "Valued Policy Law", and attorneys' fees for bad faith pursuant to 22:658, and 22:1220.

Standard Fire removed the suit to this Court on November 1, 2007, based on diversity. Standard Fire has answered and denies liability. Standard Fire also alleges that the damages constitute loss caused by water, a loss not covered by the policy.

On September 16, 2008, this Court granted the Defendant's Motion to Continue Trial (Rec. Doc. No. 12), and scheduled a status conference to take place on September 26, 2008. Counsel for the Defendant attended the conference. The conference was duly noticed, and no one appeared on behalf of the Plaintiffs, and no one explained why they did not attend. On October 13, 2008, the Defendant filed a Motion for Summary Judgment to dismiss all of Plaintiffs' claims (Rec. Doc. No. 16). The motion was unopposed. On November 6, 2008, the Court granted the Defendant's motion. On November 12, 2008, judgment was entered in favor of Standard Fire Insurance Company.

**II.      THE MOTION**

The Plaintiffs now move the Court to set aside the judgment pursuant to Rule 60. The Court will address the merits of the Defendant's Motion for Summary Judgment (Rec. Doc. No. 16).

Summary judgment is appropriate in a case if "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 501 F.Supp.2d 776, 781 (E.D. La. 2007). In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. V. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

The undisputed facts of this case support the Defendant's Motion for Summary

Judgment. The house had twelve feet of water. The damage to the roof was due to a boat. The Plaintiff received $102,000.00 for dwelling damage and $50,000 for content damage from the National Flood Insurance Program. The Plaintiffs also received $85,000.00 from the Louisiana Recovery Authority. The Plaintiffs submitted repair estimates to the Defendant for property damage totaling $54,789.14. The Defendant conducted an investigation and paid $6,153.14 to the Plaintiffs. There is no evidence to support additional compensation for covered damages. The Plaintiffs may not re-characterize as wind damage losses for which they have already accepted flood insurance compensation. *See Esposito v. Allstate Ins. Co.*, No. 06-1837, 2007 WL 1125761, *1 (E.D.La. Apr. 16, 2007). The undisputed facts support the conclusion that the Plaintiffs have no additional claim.

## III. CONCLUSION

Accordingly, IT IS ORDERED that the Plaintiffs' Motion to Set Aside Judgment is hereby DENIED, and the Plaintiffs' claim is dismissed on the merits.

New Orleans, Louisiana this 19th day of February, 2009.

_____
UNITED STATES DISTRICT JUDGE